UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL S. SANCHEZ, | 1:10-cv—01000-LJO-SKO-HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS A SUCCESSIVE PETITION (Doc. 1) AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| KEN CLARK, Warden, | |
| Respondent. | DEADLINE FOR OBJECTIONS: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on June 4, 2010.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

1 appears from the petition and any attached exhibits that the
2 petitioner is not entitled to relief in the district court...."
3 Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
4 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
5 1990).  Habeas Rule 2(c) requires that a petition 1) specify all
6 grounds of relief available to the Petitioner; 2) state the facts
7 supporting each ground; and 3) state the relief requested.
8 Notice pleading is not sufficient; rather, the petition must
9 state facts that point to a real possibility of constitutional
10 error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
11 O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
12 Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
13 that are vague, conclusory, or palpably incredible are subject to
14 summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
15 Cir. 1990).

16 Further, the Court may dismiss a petition for writ of habeas
17 corpus either on its own motion under Habeas Rule 4, pursuant to
18 the respondent's motion to dismiss, or after an answer to the
19 petition has been filed.  Advisory Committee Notes to Habeas Rule
20 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
21 (9th Cir. 2001).

22 II.  Background

23 Petitioner is an inmate of the California Substance Abuse
24 Treatment Facility and State Prison at Corcoran, California
25 (CSATFSP), who is serving a sentence of fifteen years to life
26 imposed by the Fresno County Superior Court for a murder
27 committed on or about August 4, 1992.  (Pet. 12, 64.)  Petitioner
28 challenges his conviction on the grounds that his plea should be

2

withdrawn because his confession was involuntary, he was denied the assistance of counsel during interrogation, and the sentence was misrepresented.  (Pet. 1-31.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

On June 18, 2004, a habeas petition challenging Petitioner's Fresno County conviction and sentence was denied on the merits by this Court in Raul Segura Sanchez v. Steven Cambra, 1:98-cv-05329-REC-DLB.  (Docs. 71, 75, 76.)  The Court concluded that the petition was untimely because it was filed outside of the statute of limitations provided for in 28 U.S.C. § 2244(d)(1), and Petitioner was not entitled to tolling under the statute or under the doctrine of equitable tolling.  (Doc. 71, 3-30.)

III. Successive Petition

The Court must determine whether the petition in the present case is barred by 28 U.S.C. § 2244 as a successive petition.

A. Legal Standards

Because the petition in the present case was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A federal court must dismiss a second or successive petition

that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application unless the Court of Appeals has given Petitioner leave to file the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court

4

either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)). A claim is successive within the meaning of § 2244(b) if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments; further, identical grounds may often be proved by different factual allegations. Babbitt v. Woodford, 177 F.3d 744, 746 (9th Cir. 1999).

### B. Analysis

Here, Petitioner's present petition challenges the same judgment that his previous petition challenged. The previous dismissal was for untimeliness. A dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the rule against successive petitions such that a further petition challenging the same conviction is "second or successive" for purposes of 28 U.S.C. § 2244(b). McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). This is because such a dismissal is a permanent and incurable bar to federal review of the underlying claims. Id. at 1030.

### C. Dismissal of the Petition

Pursuant to 28 U.S.C. § 2244(b)(1) through (3), unless the Court of Appeals has given Petitioner leave to file the petition, this Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was either presented in a prior application, or was not presented in a prior application but does not come within the exceptions noted

5

in § 2244(b)(2).

The claims in the present petition address the same conviction that was the subject of the previous petition that was determined on the merits. No leave to proceed with any of his claims has been given to Petitioner by the Court of Appeals.

Therefore, the Court concludes that the petition must be dismissed pursuant to § 2244(b) as a successive petition.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of

the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Miller-El v. Cockrell, 537 U.S. at 336-37. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right. Petitioner has not made the substantial showing required for issuance of a certificate of appealability.

V. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED as successive; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk close this action because the dismissal will terminate the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections

7

with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     December 7, 2010**               /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE